**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS, INDIANA**

| | | |
|---|---|---|
| **DR. TIA ROBINSON-COOPER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CAUSE NO. 1:25-cv-1448-JPH-MJD** |
| **IVY TECH SOUTH BEND-ELKHART** | ) | |
| **IVY TECH COMMUNITY COLLEGE** | ) | |
| **OF INDIANA** | ) | |
| **SUE ELLSPERMANN, in her individual** | ) | |
| **capacity** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendants. In support of her Complaint and as cause of action against the Defendants, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and various civil rights protections provided under Section 1983 pursuant to 42 U.S.C. § 1983, Family Medical Leave Act 29 U.S.C. § 2601.

2. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1343.

3. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on April 29, 2025.

4. Plaintiff served a Tort Claim Notice on Defendants, the Indiana Attorney General's Office and the Indiana Political Subdivision Risk Mgmt. Comm., and Defendant's Counsel on November 24, 2025.

## PARTIES

5. Plaintiff is a Black woman and at all relevant times resided in the Northern District of Indiana.

6. Defendant, Ivy Tech South Bend - Elkhart is a public institution in the State of Indiana.

7. Defendant, Ivy Tech Community College of Indiana is a public institution in the State of Indiana.

8. Defendant Sue Ellspermann ("Ellspermann") is sued in her individual and official capacity. At all times relevant herein, Defendant Ellspermann is the President of Ivy Tech with and acted under color of law and at all times resided in the Southern District of Indiana.

## FACTS

9. Plaintiff began working for the Defendant on July 11, 2022, as the Chancellor of Ivy Tech South Bend-Elkhart.

10. Plaintiff performed her job well.

11. Around December 2022, Plaintiff received "Exceeding Expectations" and "Outstanding" ratings in all her job categories by Sue Ellspermann, President of Ivy Tech Community College ("Ellspermann) and Michelle Simmons, Vice President for Internal Relations.

12. Ellspermann indicated to Plaintiff that she was pleased with Plaintiff's work, praised her vision for the college and supported the direction Plaintiff was setting for the institution.

13. On or about December 13, 2022, Plaintiff received her first Campus Update, during which Ellspermann and other members of the College community were present.

14. Ellspermann publicly praised Plaintiff's performance, specifically highlighting the great work that she was doing.

15. Ellspermann's comments emphasized that substantial initiatives and improvements had been implemented across the campus by Plaintiff and commended Plaintiff for her effective leadership and the rapid momentum achieved under her direction.

16. The response to the Campus Update was overwhelmingly positive and encouraging.

17. In or around January 2023, Plaintiff informed Ellspermann she required knee surgery with a two-to-three-month recovery period.

18. Although Ellspermann initially expressed support for Plaintiff's need to have surgery, she subsequently made statements that caused Plaintiff to feel apprehensive and uncertain about whether her medical needs would truly be accommodated.

19. In particular, Ellspermann stated: "There is no reason why you cannot continue to work," and "I am sure that you will make sure to hit your metrics and continue leading the campus."

20. These statements conveyed an expectation that Plaintiff would be required to continue full-time leadership duties without regard to her physical limitations or recovery process.

21. On or about May 3, 2023, Plaintiff served as the lead of the College's annual Impact Gala where she successfully raised approximately $330,000.

22. Between October 2023 and March 2024, Plaintiff was informed that she had allegedly accumulated several Ethic Points in connection with her professional conduct at the college.

23. Plaintiff categorically denied all allegations of wrongdoing and consistently maintained that the Ethic Points were unfounded, inaccurate and unsupported by any credible evidence.

24. In or around December 2023, Plaintiff requested permission to drive a college vehicle a short distance, approximately six (6) miles, to her residence following a late evening meeting that concluded at approximately 10:30 p.m.

25. Plaintiff requested use of the college vehicle so that she could leave early the following morning to travel to Indianapolis to attend a scheduled 8:30 a.m. Board of Trustees meeting.

26. Defendant denied Plaintiff's request, despite the fact that the request was related to work obligations and posed no additional cost or risk to the institution.

27. By contrast, upon information and belief, a male colleague – the Columbus Chancellor, was permitted to use a college vehicle for personal travel over an extended distance.

28. In or around February 2024, Plaintiff was issued a Last Chance Agreement by Defendant, allegedly in response to an additional Ethics Point filed against her.

29. Once again Plaintiff denied the allegations and maintained that the accusation was baseless and unsubstantiated.

30. On or about March 6, 2024, Defendant terminated Plaintiff one day prior to her scheduled knee surgery.

31. Plaintiff was allegedly terminated due to the issuance of an additional Ethics Point against her.

32. However, Caucasian individuals engaged in worst conduct and they were not terminated.

**COUNT I: TITLE VII RACE AND GENDER DISCRIMINATION**

33. Plaintiff incorporates by reference paragraphs 1-32.

34. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

35. Defendant, as a result of subjecting Plaintiff to different terms and conditions due to her race, violated Title VII 42 U.S.C. § 2000 et al.

36. Defendant, as a result of terminating Plaintiff due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

37. Defendant, as a result of subjecting Plaintiff to different terms and conditions due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

38. Defendant, as a result of discriminating against Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

39. Defendant, as a result of discriminating against Plaintiff, violated Title VII 42 U.S.C. § 2000 et al.

**COUNT II: SECTION 1983 – FOURTEENTH AMENDMENT EQUAL PROTECTION**

40. Plaintiff incorporates by reference paragraphs 1 - 32.

41. At all times relevant times herein, Defendant, Ellspermann acted under color of law.

42. Ellspermann played a direct role in Plaintiff's termination and knew, or should have known, that Plaintiff was being treated differently than similarly situated Caucasian employees.

43. Despite being aware that Caucasian Chancellors engaged in more egregious conduct, Ellspermann declined to discipline or terminate them, while authorizing escalating disciplinary action against Plaintiff.

44. Under Ellspermann's leadership, Ethics Points were disproportionately and unjustifiably applied to Plaintiff, a Black woman, while Caucasian counterparts were not subjected to similar scrutiny or consequences.

45. Defendants deprived Plaintiff of the equal protection of the law as guaranteed by the United States Constitution.

46. Defendants, as a result of terminating Plaintiff due to Plaintiff's race, violated the Fourteenth Amendment through 42 U.S.C.1983.

47. Defendants as a result of subjecting Plaintiff to different terms and conditions due to Plaintiff's race, violated the Fourteenth Amendment through 42 U.S.C.1983.

48. Defendants as a result of terminating Plaintiff due to Plaintiff's gender, violated the Fourteenth Amendment through 42 U.S.C.1983.

49. Defendants as a result of subjecting Plaintiff to different terms and conditions due to Plaintiff's gender, violated the Fourteenth Amendment through 42 U.S.C.1983.

50. The actions of Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. §1983.

**COUNT III: EQUAL PAY ACT**

51. Plaintiff incorporates by reference paragraphs 1-32.

52. Upon information and belief, Plaintiff was paid less than the Caucasian male Chancellors at Ivy Tech Columbus and South Bend campuses, despite performing the same duties and managing a similar or larger student population and operational budget.

53. Plaintiff and her male counterparts were all responsible for campus leadership, strategic planning, fundraising, personnel decisions, budget oversight, and community engagement.

54. Despite exceeding performance expectations, raising over $330,000 at the College's annual Gala, and receiving 'Outstanding' ratings, Plaintiff's salary remained below that of similarly situated Caucasian male Chancellors.

55. There was no legitimate, business-related reason for the pay disparity, and the only distinguishing factor between Plaintiff and her comparators was her race and gender.

56. Defendant, as a result of the documented pay disparities between the Plaintiff and similarly situated Caucasian male chancellors, has violated Equal Pay Act of 1963.

**COUNT IV: VIOATION OF THE FAMILY MEDICAL LEAVE ACT**

57. Plaintiff incorporates by reference paragraphs 1-32.

58. Plaintiff began employment on July 11, 2022, and by January 2024 had worked more than 1,250 hours and had been employed for over 12 months.

59. At all relevant times, Ivy Tech employed more than 50 employees within a 75-mile radius of Plaintiff's worksite, qualifying as a covered employer under the FMLA

60. In January 2024, Plaintiff informed her employer that she required surgery on her knee, which would necessitate a recovery period of two to three months, during which she would be incapacitated and unable to perform essential job functions.

61. In or around January 2024, Plaintiff informed Defendant that she would require medical leave to undergo surgery and recover. This notice was provided in advance of the anticipated procedure.

62. Defendant informed Plaintiff that she did not need medical leave pursuant to the FMLA because Plaintiff only needed knee surgery, could continue to work and Defendant would allow her to attend meetings with her camera off.

63. Defendant, as a result of interfering, restraining, and/or denying Plaintiff from taking medical leave for knee surgery, has violated Family Medical Leave Act 29 U.S.C. § 2615.

64. Defendant violated the Family Medical Leave Act 29 U.S.C. § 2601.

**COUNT V: BLACKLISTING**

65. Plaintiff incorporates by reference paragraphs 1-32.

66. After Defendant terminated Plaintiff, Plaintiff applied to over two hundred jobs throughout the United States and at least twenty jobs throughout the state of Indiana.

67. After Plaintiff submitted her application to Madison College, Indiana University, Purdue University, Notre Dame, Kentucky Community and Technical College System, Deange Colege, Moreno College, The College of Dupage, Elgin Community College, South Central Community College, State Center Community College District, and West Valley College, Ivy Tech personnel, sent a written communication and verbally communicated with the various institutions concerning the reasons for Plaintiff's termination.

68. The communication falsely stated that Plaintiff was terminated for repeated ethics violations, when in fact those violations were pretextual and unsupported by evidence, and Ivy Tech knew these reasons had been disputed and unsubstantiated.

69. As a direct result of Ivy Tech's communication, Madison College, Indiana University, Purdue University, Notre Dame, Kentucky Community and Technical College System, Deange College, Moreno College, The College of Dupage, Elgin Community College, South Central Community College, State Center Community College District, and West Valley College, Porterville College, San Jose City College, Moreno Valley College, Long Star College, South Central College, East Los Angeles Community College, East Los Angeles College, State Center Community College District and many more companies did not hire the Plaintiff due to concerns raised by Ivy Tech.

70. Defendant, Ivy Tech, by sending false communication to prospective employer(s) which caused the prospective employer(s) to deny employment to Plaintiff, has violated Indiana Code § 22-5-3-1(a)-(c) Blacklisting.

**COUNT VI: DEFAMATION**

71. Plaintiff incorporates by reference paragraphs 1-32.

72. After Plaintiff applied for a position at Madison College, Indiana University, Purdue University, Notre Dame, Kentucky Community and Technical College System, Deange Colege, Moreno College, The College of Dupage, Elgin Community College, South Central Community College, State Center Community College District, and West Valley College, a representative of Ivy Tech, communicated with the various intuitions

stating that Plaintiff had been terminated due to repeated ethics violations and misconduct in her role as Chancellor.

73. These statements were knowingly false, as Plaintiff had denied the allegations, and the Ethics Points were unfounded and unsupported by any credible evidence.

74. The communication falsely impugned Plaintiff's professional competence and integrity, asserting she had engaged in serious misconduct warranting termination, thus constituting defamation per se.

75. In the event that Defendant's communications and regarding Plaintiff's alleged ethics violations and misconduct in her role as Chancellor are not found to be defamation per se, then Defendant's communication and conduct constitute defamation per quod.

76. The defamatory statements were published via email and verbally to Madison College, Indiana University, Purdue University, Notre Dame, Kentucky Community and Technical College System, Deange Colege, Moreno College, The College of Dupage, Elgin Community College, South Central Community College, State Center Community College District,West Valley College , Porterville College, San Jose City College, Moreno Valley College, Long Star College, South Central College, East Los Angeles Community College, East Los Angeles College, State Center Community College District and many more companies after Plaintiff submitted an application for employment.

77. At the time of the communication, Ivy Tech's representatives knew or recklessly disregarded the falsity of the statements.

78. As a result of the defamatory communication, Plaintiff was denied employment with Madison College, Indiana University, Purdue University, Notre Dame, Kentucky

Community and Technical College System, Deange Colege, Moreno College, The College of Dupage, Elgin Community College, South Central Community College, State Center Community College District, and West Valley College, Porterville College, San Jose City College, Moreno Valley College, Long Star College, South Central College, East Los Angeles Community College, East Los Angeles College, State Center Community College District and many more companies suffered reputational damage, and endured emotional and financial distress.

79. Defendant, by sharing false information about the Plaintiff, defamed Plaintiff.

**COUNT VII: RESPONDENT SUPERIOR**

80. Plaintiff incorporates by reference paragraphs 1-78 and, in addition, states that Defendant, Ivy Tech Community College of Indiana and Ivy Tech South Bend – Elkhart ("Ivy Tech") are liable for the conduct of its employees under the theory of respondent superior.

81. Ivy Tech's employees were acting within the scope of their employment when they made false and misleading defamatory statements about Plaintiff.

82. The injurious acts of Ivy Tech's employees were made to further their employers' business.

83. As a result of Ivy Tech's wrongful acts completed within the scope of their employment, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff medical and health insurance expenses;

C. Award Plaintiff travel and job search expenses;

D. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

E. Award Plaintiff punitive damages;

F. Award Plaintiff her cost in this action and reasonable attorney fees;

G. Award Plaintiff an Injunction;

H. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8506 Evergreen Avenue
Indianapolis, in 46240
(317) 960-5070