UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIA ROBINSON-COOPER,<br><br>Plaintiff,<br><br>v.<br><br>IVY TECH SOUTH BEND-ELKHART,<br>IVY TECH COMMUNITY COLLEGE OF INDIANA,<br>SUE ELLSPERMANN,<br><br>Defendants. | ) | No. 1:25-cv-01448-SEB-MJD |

**ORDER ON DEFENDANTS' MOTION TO SEAL**

This matter is before the Court on Defendants' Motion to Maintain Documents Under Seal. [Dkt. 83.] For the reasons set forth below, Defendants' Motion is **DENIED**.

## I. Background

This matter involves claims under federal law for employment discrimination, equal protection, equal pay, and medical leave and claims under Indiana law for blacklisting and defamation. *See* [Dkt. 24.] Defendants have filed a motion for summary judgment and designation of evidence, which includes seven exhibits filed under seal. [Dkt. 81.] Defendants seek to maintain these exhibits under seal. [Dkt. 83.] Plaintiff has not filed a response to the motion to maintain documents under seal, and the time to do so has passed.

## II. Legal Standard

Courts must take care when determining whether to seal documents and thus shield them from the public. This is because "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute,

rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see* *Bond v. Utreras,* 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public[.]"). Indeed, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002). A party may therefore only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Simply designating information as confidential is insufficient to permit under-seal filing. *See* *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (explaining that requests to seal documents based on confidentiality orders have been uniformly rejected unless good cause exists), and "[a] protective order does not authorize a party to file a document under seal." S.D. Ind. Local R. 5-11(d)(3). Moreover, it is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm. *Baxter Int'l, Inc.*, F.3d at 547.

## III. <u>Discussion</u>

Defendants, as both the filing and designating party, are required to file a Brief in Support and a redacted public version of the documents filed under seal. S.D. Ind. Local R. 5-11(d)(4)(A)(i). Defendants' motion to maintain under seal appears to function as their Brief in Support. *See* [Dkt. 83]; S.D. Ind. Local R. 5-11(e). Defendants identified the documents they seek to maintain under seal, provided a statement of their knowledge of Plaintiff's position, and attached a proposed order. [Dkt. 83.] However, Defendants fail to demonstrate why less restrictive alternatives would not afford adequate protection, alleging only that most of the information contained in the sealed exhibits is protected and is pervasive throughout. [Dkt. 83 ¶ 7.] Defendants have not explained why redaction of nonparty identities is insufficient or how nonparties' privacy is at risk at all. The Court, having reviewed the documents in question, finds

that any potentially legitimate confidentiality concerns could be addressed with minimal redaction.

Furthermore, Defendants do not provide any authority for their position that their sealed exhibits are not presumptively open to public view. Defendants state that these exhibits were produced pursuant to the stipulated protective order [Dkt. 49] and designated confidential. [Dkt. 83 ¶ 3.] However, neither designating the information confidential nor having a stipulated protective order authorizes Defendants to file the exhibits under seal. *See Union Oil Co. of California*, F.3d at 567; S.D. Ind. Local R. 5-11 (d)(3); [Dkt. 49 ¶ VIII(A).]. Accordingly, Defendants' Exhibits 35–41 may be sealed only upon a showing of good cause. *See Citizens First Nat. Bank of Princeton*, F.3d at 945.

Defendants have not shown good cause to maintain their exhibits under seal. Defendants assert that public disclosure of the sealed exhibits "could therefore cause nonparties reputational, professional, and privacy harm" without any explanation or how that harm may come to fruition. "Motions that simply assert a conclusion without the required reasoning, however, have no prospect of success." *Baxter Int'l, Inc.*, 297 F.3d at 548 (7th Cir. 2002).

Further, the contents of the sealed exhibits, including the identities of the nonparties, are currently a matter of public record, as they are set forth in the unsealed memorandum of law in support of Defendants' motion for summary judgment. [Dkt. 84 ¶ II(D).] While Defendants may wish to keep more specific details confidential due to general privacy concerns, such a wish is not good cause to deprive the public of its right to access court filings. *See Doe v. Trs. of Indiana Univ.,* 101 F.4th 485, 492 (7th Cir.), *cert. denied sub nom. Doe v. The Trs. of Indiana Univ.,* 145 S. Ct. 546 (2024).

## IV. Conclusion

For the reasons set forth above, Defendants' Motion to Maintain Document under Seal [Dkt. 83] is **DENIED**. The **Clerk is directed to UNSEAL** Docket Nos. 82, 82-1, 82-2, 82-3, 82-4, 82-5, 82-6, and 82-7. Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed **after 21 days** absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated: 7 OCT 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.