**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DR. TIA ROBINSON-COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:25-cv-01448-JRO-MJD |
| IVY TECH SOUTH BEND-ELKHART, IVY TECH COMMUNITY COLLEGE OF INDIANA, and SUE ELLSPERMANN, in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE BELATED RESPONSE BRIEF**

Plaintiff Dr. Tia Robinson-Cooper, by counsel, moves under Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file her brief in opposition to Defendants' Motion for Summary Judgment [Dkt. 81] approximately 30 minutes after the November 16, 2026 deadline, and asks the Court to accept the brief she filed shortly after midnight on November 17, 2026 [Dkt. 103]. In support, Plaintiff states:

1. Defendants filed their Motion for Summary Judgment on September 4, 2026, with a supporting brief and 52 exhibits, seven of them under seal. [Dkt. 81; Dkt. 82; Dkt. 84.] The Court extended Plaintiff's response deadline twice, most recently to November 16, 2026. [Dkt. 91; Dkt. 100.] On November 16, Plaintiff timely filed her designation of evidence, with 29 exhibits. [Dkt. 102.]

2. Plaintiff did not file her response brief by midnight on November 16. She filed it approximately 30 minutes later, shortly after midnight on November 17. [Dkt. 103.] Plaintiff has separately moved for leave to exceed the page limit. [Dkt. 104.]

3. Plaintiff's discrimination claim rests on evidence that the same decisionmaker treated five white male leaders more leniently than Plaintiff for comparable or more serious misconduct. As Plaintiff's counsel completed the response, she did not appreciate in advance how extensive that comparator evidence would be. Each of the five comparators requires its own account of the conduct, the complaints, and the discipline or lack of it, supported by record citations, and then a separate comparison to Plaintiff's own record. Presenting that evidence took more time than counsel had anticipated.

4. Because the deadline has passed, Rule 6(b)(1)(B) permits the Court to allow a late filing on a showing of excusable neglect. Whether neglect is excusable is an equitable determination that considers the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith.

5. Each factor supports granting leave. The brief was filed approximately 30 minutes late. Plaintiff's designation of evidence was filed on time, so Defendants have had every exhibit Plaintiff relies on since November 16. The delay does not affect the oral argument set for December 15, 2026 [Dkt. 101], the final pretrial conference, or the trial date [Dkt. 95]. The reason for the delay is the one stated above, and Plaintiff has acted in good faith.

6. Plaintiff recognizes that the Court has already extended this deadline twice and stated, in granting the first extension, that no further enlargement would be granted. [Dkt. 91; Dkt. 100.] Plaintiff does not make this request lightly. The brief was filed approximately 30 minutes late, and Plaintiff asks only that the Court accept it.

7. On November 17, 2026, Plaintiff's counsel asked defense counsel whether Defendants object to this motion. Defendants had not responded at the time of filing.

WHEREFORE, Plaintiff respectfully requests that the Court grant her leave to file her response brief approximately 30 minutes late, accept her response brief [Dkt. 103] as filed, and grant all other just and proper relief.

Respectfully submitted,

*/s/ Amber K. Boyd*
Amber K. Boyd, Atty. No. 31235-49
AMBER BOYD LAW
8506 Evergreen Ave.
Indianapolis, IN 46240
Telephone: (317) 960-5070
Email: amber@amberboydlaw.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on November 17, 2026, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record, including:

Melissa A. Macchia
Megan A. Van Pelt
TAFT STETTINIUS & HOLLISTER LLP
mmacchia@taftlaw.com
mvanpelt@taftlaw.com

*/s/ Amber K. Boyd*
Amber K. Boyd

**CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE**

This document was generated with the assistance of Claude (Anthropic). I hereby certify under penalty of perjury that, despite reliance on an AI tool, I have independently reviewed this document to confirm the accuracy and legitimacy of all cited authority and any characterization or summary thereof pursuant to Rule 11 of the Federal Rules of Civil Procedure.

/s/ Amber K. Boyd
Amber K. Boyd